UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HUNTER HICKMAN, | ) | CASE NO. 1:25-cv-1819 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHANIE KREISHER, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Hunter Hickman has filed a civil rights action under 42 U.S.C. § 1983 against Stephanie Kreisher, in her position as a Guardian ad Litem ("GAL") appointed by the Crawford County Domestic Relations Court, Crawford County, and Crawford County Domestic Relations Court Magistrate Timothy Roston. (Doc. No. 1). The complaint stems from proceedings in the Crawford County Domestic Relations Court (Case No. 24-CR-0176) concerning Plaintiff's parental rights. (*See id.* at PageID #1–6).

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 2). That motion is **GRANTED**. For the reasons discussed below, Plaintiff's complaint is **DISMISSED**.

## II. STANDARD OF REVIEW

Plaintiff is proceeding *in forma pauperis*, so his complaint is subject to initial screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, federal district courts are expressly required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such

relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief on its face. *Id.* at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Iqbal*, 556 U.S. at 678. Even though the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. DISCUSSION

Upon review, the Court finds that Plaintiff's complaint must be dismissed under § 1915(e)(2)(B). Plaintiff asserts three causes of action: (i) Violation of Procedural Due Process (14th Amendment), based on Defendants denying "Plaintiff access to his children without fair process"; (ii) Equal Protection Violation (14th Amendment); and (iii) Supervisory Liability/County Responsibility, based on Crawford County failing to maintain procedural safeguards and allowing GAL misconduct. (ECF No. 1, PageID #5). Plaintiff requests the

following relief: (i) an order declaring Defendants violated his federal constitutional rights; (ii) an order prohibiting the defendants from interfering with Plaintiff's parenting rights; (iii) an order appointing third-party supervision of visitation if deemed appropriate; and (iv) monetary relief. (*Id.* at PageID #6). The Court lacks jurisdiction over this action because Plaintiff's claims are barred by the "domestic-relations exception."

Federal courts lack jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003); *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992) ("[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees."). "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, . . . federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth*, 76 F. App'x at 616 (internal citation omitted). Plaintiff cannot evade the exception by "artfully cast[ing] a suit seeking to modify or interpret the terms of a divorce, alimony, or child-custody decree as a state-law contract or tort claim in order to access federal courts." *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 795–96 (6th Cir. 2015).

Here, although Plaintiff alleges due process and equal protection violations, the core concern in Plaintiff's complaint is domestic relations. *See, e.g.*, *Partridge v. Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) ("While [the plaintiff] attempts to assert civil rights claims, he essentially raises domestic relations issues by challenging Ohio court child custody and divorce decisions and by seeking relief in the form of shared custody of his children."). Even though he seeks monetary damages and declaratory relief, Plaintiff primarily seeks to overturn the state court's decisions concerning Plaintiff's parental rights, including child custody, and he requests that the Court issue

orders with respect to those issues. The Court lacks jurisdiction to hear such a case or grant such relief. *See Edelstein v. Flottman*, No. 24-3156, 2025 U.S. App. LEXIS 570, at *6 (6th Cir. Jan. 10, 2025) (affirming the district court's dismissal when the plaintiffs "couched their claims . . . in terms of constitutional violations" but "the substance of the claims revolves around the state courts' decisions in the domestic-relations proceedings as they relate to [child] custody and [child] visitation rights"); *Sefa v. Kentucky*, 510 F. App'x 435, 437–38 (6th Cir. 2013) ("[T]o the extent [Plaintiff] seeks a declaration that the state's child-custody determination was unlawful, an injunction for the minor children's release, and monetary damages arising from the child-custody decision, these claims constitute collateral attacks on the state court judgments terminating . . . parental rights and were properly excluded from consideration by the district court.") (internal quotation marks and citations omitted).

Plaintiff's claims are also barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to review final judgments, as well as interlocutory orders, from state courts. *See Kovacic v. Cuyahoga Cnty. Dep't of Child and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010); *RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021); *see also Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (explaining that the *Rooker-Feldman* doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision") (internal quotation marks omitted). "[A] federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19-cv-192, 2021 U.S. Dist. LEXIS 104359, at *5 (W.D. Ky. June 3, 2021); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ("A party

raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States."). Federal courts may raise the issue of abstention *sua sponte*. *See O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008) (holding that "abstention may be raised by the court *sua sponte*"); *see also Louisville Country Club v. Watts*, Nos. 97-5758 and 97-5829, 1999 U.S. App. LEXIS 7828, *7 (6th Cir. Apr. 16, 1999).

Based on the pleadings, the Court cannot ascertain whether a final judgment has been entered in the underlying state court proceedings. That said, the Sixth Circuit has held that *Rooker-Feldman* abstention does not require a state court judgment to have been finalized after the exhaustion of all appeal rights. *See RLR Invs., LLC*, 4 F.4th at 393–96; *see also T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344, 353–54 (4th Cir. 2025) (adopting the same approach); *Parker Law Firm v. Travelers Indem. Co.*, 985 F.3d 579, 584 (8th Cir. 2021) ("Even so, that an appeal is pending in the New York state courts does not mean that a federal district court has jurisdiction to consider a parallel appeal. This court, like other circuits, has concluded that *Rooker-Feldman* applies to state court judgments that are not yet final."). Regardless, *Younger*[1] abstention would also apply.

"*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

399, 406 (6th Cir. 2013). The doctrine is designed to prevent federal courts from interfering with the functions of state courts in order to preserve the principles equity and comity. *Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017). To the extent that the underlying state court action is pending, the Court finds that all three factors supporting *Younger* abstention are present. Whether the state court proceedings are final or ongoing, the Court finds that this action is "essentially an impermissible appeal of the state court judgment as it raises specific grievances regarding decisions of Ohio's domestic relations courts." *See Partridge*, 79 F. App'x at 845–46. Thus, the Court lacks jurisdiction over this action.

Alternatively, any claims for damages against Defendants would need to be dismissed for failure to state a claim. First, state court judges are immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when: (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1116. A state court judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (acting in excess of authority does not preclude immunity).

Neither exception to absolute immunity applies here. Plaintiff's allegations against Magistrate Roston concern decisions he made in connection with Plaintiff's child custody

proceedings. Specifically, Plaintiff alleges that Magistrate Roston intimidated and threatened Plaintiff regarding Plaintiff's motions to remove Defendant Kreisher as the GAL. Magistrate Roston was acting as a judicial officer when he addressed Plaintiff's motions in the underlying state court proceedings. Plaintiff has also not established, nor is there any indication, that Magistrate Roston acted clearly outside the subject matter jurisdiction of the court over which he presides. Thus, Magistrate Roston is entitled to absolute immunity.

Second, if Defendant Kreisher was the court-appointed GAL who reports to the state court as an independent investigator, or acts as an advocate of the child, she is not considered a state actor for purposes of § 1983. *See Reguli v. Guffee*, 371 F. App'x 590, 601–02 (6th Cir. 2010) (quoting *Kirtley v. Rainey*, 326 F.3d 1088, 1095 (9th Cir. 2003)); *see also Holley v. Deal*, 948 F. Supp. 711, 715 (M.D. Tenn. 1996) (finding that a guardian ad litem is not a state actor when the "state exercised no coercive power over [the guardian's] independent judgment . . ."). Otherwise, even if Kreisher were found to be acting "under color of law" for purposes of § 1983, she would still be entitled to absolute immunity. *See Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984) (holding that a guardian ad litem, like witnesses and other persons who are integral parts of the judicial process, is entitled to absolute immunity); *Holley*, 948 F. Supp. at 715 (finding that a guardian ad litem, if found to be a state actor, would be absolutely immune from damages). Thus, Defendant Kreisher is ultimately not subject to suit under § 1983.

Finally, Plaintiff's claims against Crawford County also fail. Section 1983 does not permit a plaintiff to sue a local government entity on the theory of respondeat superior. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692–94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A plaintiff may only hold a local government entity liable under Section 1983 for the entity's own wrongdoing. *Id.* A local government entity violates § 1983 when its official policy or custom

actually deprives an individual of his or her constitutional rights. *Id.* at 694. To state a claim for relief against a municipality under § 1983, Plaintiff must: "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his or] her particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir.1993)). Plaintiff's complaint contains no factual allegations plausibly suggesting that the constitutional injuries he alleges were the result of any specific policy or custom of Crawford County. Thus, Plaintiff fails to state a claim against Crawford County. Because Plaintiff's claims are barred by the domestic-relations exception, the *Rooker-Feldman* and *Younger* abstention doctrines, as well as absolute immunity, and he otherwise fails to state a claim against Defendants, this action must be dismissed under § 1915(e)(2)(B).

### IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. §1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: November 14, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**